IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
FEB 16 2022
CLERK, U.S. DISTRICT COURT
By_____ Deputy

| | | |
|---|---|---|
| NOEL OLIVAS CARRILLO, | § § § | |
| Plaintiff, | § | |
| v. | § § | 2:18-CV-188-Z-BR |
| WARDEN KEVIN FOLEY *et al.*, | § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER
## DISMISSING CIVIL RIGHTS COMPLAINT

Before the Court is Plaintiff's civil rights complaint brought pursuant to 42 U.S.C. § 1983 against the above-referenced Defendants (ECF No. 3) ("Complaint"), filed October 3, 2018. Plaintiff filed suit *pro se* while a prisoner incarcerated in the Texas Department of Criminal Justice ("TDCJ"), Correctional Institutions Division. Plaintiff was granted permission to proceed *in forma pauperis*. For the reasons discussed herein, the Court **DISMISSES** Plaintiff's Complaint **WITH PREJUDICE**.

### FACTUAL BACKGROUND

Plaintiff alleges that on May 8, 2018, he was sexually harassed at the TDCJ Clements Unit. (ECF No. 3 at 4). Plaintiff alleges this occurred by way of a videotaped strip search performed and supervised by the named Defendants. *Id.* Plaintiff seeks compensatory damages.

### LEGAL STANDARD

When a prisoner confined in any jail, prison, or other correctional facility brings an action with respect to prison conditions under any federal law, the Court may evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is

frivolous,[1] malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A, 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. § 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991).[2]

ANALYSIS

A prisoner inmate's right to privacy is "minimal, at best," when juxtaposed with the legitimate security needs of the institution. *See Oliver v. Scott*, 276 F.3d 736, 745 (5th Cir. 2002); *see also Elliott v. Lynn*, 38 F.3d 18, 190–91 (5th Cir. 1994). Plaintiff asserts that the video recording taken while naked is a violation of his constitutional rights. *See* ECF No. 3, at 4. In the First Amendment context, the Supreme Court in dicta has stated that though "inmates lose many rights when they are lawfully confined," they "retain certain fundamental rights of privacy; they are not like animals in a zoo to be filmed and photographed at will *by the public* or *by media reporters*." *Houchins v. KQED, Inc.*, 438 U.S. 1, 5 n.2 (1978) (emphasis added). The *Houchins* case, however, dealt with media rights of access to prisoners, rather than prisoner surveillance by jail officials. *Id.* at 5. In another context, the Court has declared that a prison inmate retains only

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993).
[2] *Green vs. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire."). Dismissals may also be based on adequately identified or authenticated records. *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995).

those rights that are "not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system." *Pell v. Procunier*, 417 U.S. 817, 822 (1974).

In a case involving photographs of prisoners taken by law enforcement agents, the Tenth Circuit has held that a prisoner's rights are "not violated unless (a) he had a legitimate expectation of privacy in the photos, and (b) his privacy interest outweighed the public need for their disclosure." *Slayton v. Willingham*, 726 F.2d 631, 635 (10th Cir. 1984). Despite the limited protection some courts have recognized for videotaped images of a prisoner, "speculative fear that . . . privacy rights will be injured if [a] videotape is shown in the future . . . is not a 'real and immediate' injury redressable by a federal court." *Scott v. Gier*, 1994 WL 283621 at *1 (9th Cir. 1994). A plaintiff must show that "the videotape would likely cause ... substantial and immediate injury to a legally-protected interest." *Id.* at *2. Plaintiff has not alleged that any naked image of him captured by Defendants was used or distributed by Defendants or a third party, nor has he alleged that the search was for a non-penological interest. Thus, Plaintiff's claim has no arguable basis in law and is **DISMISSED** as frivolous.

CONCLUSION

For the reasons set forth above and pursuant to 28 U.S.C. §§ 1915A, 1915(e)(2) and 42 U.S.C. § 1997e(a), it is **ORDERED** that the Complaint by Plaintiff filed pursuant to 42 U.S.C. § 1983 be **DISMISSED WITH PREJUDICE** as frivolous.

**SO ORDERED**.

February 16, 2022.

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE